UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WARREN A. GROAT and VICTORIA GROAT,

                         Plaintiffs,

    -v-                                           1:11-CV-1412

GLOBAL HAWK INSURANCE COMPANY (RRG),

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

HACKER MURPHY, LLP                        JAMES E. HACKER, ESQ.
Attorneys for Plaintiffs                  THOMAS J. HIGGS, ESQ.
7 Airport Park Boulevard
Latham, NY 12110

MORGAN MELHUISH ABRUTYN                   JOSEPH DONATO, ESQ.
Attorneys for Defendant
39 Broadway, 35th Floor
New York, NY 10006


DAVID N. HURD
United States District Judge

### MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

        Plaintiffs Warren Groat and his wife (collectively "plaintiffs" or "Groats") brought this

action seeking a judgment for $611,325.60 plus interest pursuant to the Motor Carrier Act of

1980, as amended, 49 U.S.C. §§ 13101–14901, and for breach of an arbitration contract

executed in the course of underlying personal injury litigation.  Jurisdiction exists pursuant to

28 U.S.C. § 1332, as the parties have diverse citizenship.

Plaintiffs moved for summary judgment.  Defendant opposed and cross-moved for summary judgment.  Plaintiffs replied.  Oral argument was heard in Utica, New York, on September 7, 2012.

## II. **BACKGROUND**

Defendant Global Hawk Insurance Company ("Global Hawk") issued a commercial motor vehicle insurance policy to non-party R-Man Logistics, Inc. ("R-Man") to be effective October 26, 2007, to October 26, 2008.  The policy included an MCS-90 endorsement, as required by the federal Motor Carrier Act for truckers operating in interstate commerce.  In part, the MCS-90 endorsement provided, in keeping with the purpose of the Motor Carrier Act, that essentially nothing would relieve Global Hawk from liability if a judgment was  obtained against the insured, R-Man, for public liability relating to operation of covered motor vehicles.  The MCS-90 endorsement states:

> It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.

Compl. Ex. A at 9–10[1] ("MCS-90").  The policy required R-Man to provide driver data to Global Hawk, which must approve the drivers.  The policy listed current drivers.  In addition, R-Man submitted driver data for additional drivers, on February 8, 2008, and July 17, 2008.

R-Man added Carlos Victoria ("Victoria") as a driver.  However, R-Man never submitted driving record data for him as the insurance policy requires.

---

[1] Exhibit A to the Complaint is the policy with the MCS-90 endorsement.  For ease of reference, citations will be to the ECF page numbers.

According to Global Hawk, it would not have approved Victoria as an added driver[2] because of his poor driving record.  He had prior accidents, had his commercial driver's license suspended, and received at least three convictions for driving with a suspended driver's license.

On July 28, 2008, Victoria, while driving an R-Man truck, was involved in an accident with Warren Groat.  Plaintiffs brought an action in New York State Supreme Court, Columbia County for negligence and loss of consortium, against R-Man and Victoria.  Global Hawk sent a reservation of rights letter to R-Man dated August 8, 2008, but defended the lawsuit. According to Global Hawk, R-Man and Victoria did not participate in the defense of the suit as is required by the policy.

The state Supreme Court granted partial summary judgment on liability in favor of the Groats on August 24, 2010.  The damages award was determined by an arbitrator, pursuant to a contract entered into between the Groats and Global Hawk (by defense counsel), then confirmed by the state court on November 4, 2011.  On November 8, 2011, Global Hawk denied coverage on two grounds:  (1) because it was not informed of and did not approve Victoria as a driver, the policy was void ab initio; and (2) R-Man and Victoria failed to aid in the defense of the suit as the policy required.  Meanwhile, Global Hawk filed a declaratory judgment action seeking rescission of the policy in California state court on October 26,

---

[2]  While it is unclear the exact date that Victoria became a driver for R-Man, there is no question that it was after the policy was issued.  See Deft.'s Mem. at 7 (stating that "Global Hawk would never have consented to the addition of Mr. Victoria as an authorized driver . . . ."); Bain Decl. ¶¶ 10–12 (stating "Global Hawk would not have consented to the addition of Mr. Victoria as an authorized driver . . . ."; "[h]ad Global Hawk known that R. Man Logistics, Inc., was allowing non-endorsed drivers to operate its vehicles it would have cancelled the policy . . . ."; "[h]ad Global Hawk known that R. Man Logistics, Inc., was allowing Carlos Victoria to operate its vehicles it would have cancelled the policy . . . ."); Deft.'s L.R. 7.1 Statement of Material Facts ¶¶ 9–11 (same).

2011.  Bains Decl. Ex. G (Dkt. No. 9-9).  The basis upon which Global Hawk sought

rescission in the California case was failure ot R-Man and Victoria to aid in defense of the

Groats' negligence suit (without mentioning failure to obtain approval of Victoria as a driver).

Id.  On November 29, 2011, the New York state court filed a judgment against R-Man and

Victoria, and in favor of plaintiffs, in the amount of $611,325.60.  Global Hawk has declined

to satisfy the judgment for the above-stated reasons.  This action followed.

## III. <u>DISCUSSION</u>

### A. <u>Summary Judgment Standard</u>

Summary judgment must be granted when the pleadings, depositions, answers to

interrogatories, admissions and affidavits show that there is no genuine issue as to any

material fact, and that the moving party is entitled to summary judgment as a matter of law.

Fed. R. Civ. P. 56; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247, 106 S. Ct. 2505,

2509-10 (1986).  The moving party carries the initial burden of demonstrating an absence of

a genuine issue of material fact.  Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

323, 106 S. Ct. 2548, 2552 (1986).  Facts, inferences therefrom, and ambiguities must be

viewed in a light most favorable to the nonmovant.  <u>Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

When the moving party has met the burden, the nonmoving party "must do more than

simply show that there is some metaphysical doubt as to the material facts."  <u>Id</u>. at 586, 106

S. Ct. at 1356.  At that point, the nonmoving party "must set forth specific facts showing that

there is a genuine issue for trial."  Fed. R. Civ. P. 56; <u>Liberty Lobby, Inc.</u>, 477 U.S. at 250,

106 S. Ct. at 2511; <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 587, 106 S. Ct. at 1356.  To

withstand a summary judgment motion, sufficient evidence must exist upon which a

reasonable jury could return a verdict for the nonmovant.  <u>Liberty Lobby, Inc.</u>, 477 U.S. at

248-49, 106 S. Ct. at 2510; <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 587, 106 S. Ct. at 1356.

### B. <u>Analysis</u>

Plaintiffs contend that Global Hawk is obligated to pay the state court judgment based

upon the MCS-90 endorsement which nullifies any conditions or limitations in the policy.

Defendant, in disclaiming coverage, relies upon R-Man's failure to designate drivers

(specifically Victoria) for Global Hawk's approval and failure to cooperate in defense of the

negligence action.  Defendant's argument is that R-Man's failure to designate Victoria as a

driver was a material misrepresentation permitting it to rescind the policy (and accompanying

MCS-90 endorsement) under California Insurance Code § 331.[3]

The plain language of the MCS-90 endorsement provides that Global Hawk will pay

"any final judgment recovered against [R-Man] for public liability resulting from negligence in

the operation" of its insured vehicles subject to the Motor Carrier Act.  MCS-90 at 9.  The

MCS-90 endorsement also explicitly negates any condition or limitation in the policy that

would (absent the endorsement) permit Global Hawk to disclaim liability.

Federal law is applicable to the MCS-90 endorsement.  <u>Pierre v. Providence</u>

<u>Washington Ins. Co.</u>, 99 N.Y.2d 222, 231 (2002); <u>Global Hawk Ins. Co. v. Century-Nat'l Ins.</u>

<u>Co.</u>, 203 Cal. App. 4th 1458, 1464 (Cal. Ct. App. 2012).  In order to recover under an MCS-

90 endorsement, an injured party need only prove that the injury resulted from an accident

---

[3]  Defendant conceded at oral argument that it was not relying upon non-cooperation as a basis for
rescinding the policy under California law.  This concession is at odds with Global Hawk's California state
court suit seeking rescission, based solely upon non-cooperation.  Moreover, the failure to cooperate by R-
Man and Victoria was clearly a subsequent violation of the policy and not a misrepresentation at the outset
made to obtain the policy.  In any event, given Global Hawk's concession, only failure to designate Victoria as
a driver is considered.

caused by negligence and that "a judgment was entered implicating the coverage provisions of the policy and [MCS-90] endorsement." Pierre, 99 N.Y.2d at 231; Green v. Royal Indem. Co., No. 93Civ4335, 1994 WL 267749, at *4 (S.D.N.Y. June 15, 1994) (noting that only a judgment and negligence must be shown to impose liability).  Moreover, it need only be shown that someone was negligent; it is not necessary that the insured was negligent. Pierre, 99 N.Y. 2d at 231; Green, 1994 WL 267749, at *4.

The parties agree that Global Hawk issued the insurance policy with the MCS-90 endorsement to R-Man.  Further, it is undisputed that plaintiffs received a judgment against R-Man and Victoria to compensate them for injuries suffered in an accident caused by Victoria's negligence.  Accordingly, the Groats are entitled to payment from Global Hawk of the final judgment recovered from R-Man and Victoria, see MCS-90 at 9, unless some other provision of law precludes such entitlement.

Global Hawk contends, in support of its cross motion for summary judgment, that under California law, it is entitled to rescind the policy ab initio (and along with it the MCS-90 endorsement) because of a material misrepresentation made by R-Man; that is, failure to submit Victoria as a driver as required by the policy.  Plaintiffs acquiesce to application of California law to the policy.

Under California law, concealment entitles an insurer to rescind a policy of insurance, whether the concealment is intentional or unintentional.  Cal. Ins. Code § 331 (West 2005). In the making of a contract, if a false misrepresentation as to a material point was made, the contract may be rescinded "from the time the representation becomes false."  Id. § 359. Materiality is subjective, depending only upon the effect the misrepresentations had on the insurer.  Imperial Cas. & Indem. Co. v. Sogomonian, 198 Cal. App. 3d 169, 179 (Cal. Ct.

App. 1988) (citing Cal. Ins. Code § 334).  Additionally, asking specific questions on an application "is in itself usually sufficient to establish materiality as a matter of law."  Id.  Thus, an insurance policy rescinded for material misrepresentations on the application "will avoid liability even on pending claims."  Id. at 182.  In sum, "an insurer may rescind the contract of insurance ab initio for a material misrepresentation" regardless of intent.  Barrera v. State Farm Mut. Auto. Ins. Co., 71 Cal. 2d 659, 666 n.4 (Cal. 1969).

The allegedly material misrepresentation made by R-Man that, according to Global Hawk, entitles it to rescind the policy was the failure to notify it that Victoria became a driver. Global Hawk has adduced evidence that the policy included a list of approved drivers and required R-Man to supplement the list if it intended to add a driver.  It has also put forth the declaration of Pawandip Bains, its policy underwriter, who stated that had R-Man submitted Victoria as a proposed driver, Global Hawk would not have consented to endorsement of Victoria as a driver under the policy, and, in fact, it would have cancelled the policy had it known Victoria was driving R-Man's vehicles.  Bains Decl. ¶¶ 9–12 (Dkt. No. 12-4). According to Global Hawk, under the standard set forth above it is entitled to void the policy ab initio.

Global Hawk's evidence appears on its face to support ab initio rescission of the policy.  Plaintiffs' argument in opposition, that even if the policy is rescinded ab initio the federal MCS-90 endorsement remains effective, also appears to recognize that defendant's evidence of a material misrepresentation would entitle it to rescind the policy ab initio.  The parties overlook that, under California law, a material misrepresentation must have been made in the procurement of the insurance policy to entitle the insurer to rescission ab initio.

Every case cited by Global Hawk regarding <u>ab initio</u> rescission under California law pertains to a prior misrepresentation, made in the procurement of the policy.[4]  In <u>Sogomonian</u>, "defendants made material false statements in their application," entitling plaintiff to rescission.  198 Cal. App. 3d at 182.  The <u>Sogomonian</u> Court recognized that the California Insurance Code prescribed a "statutory scheme which reflects a deliberate distinction between 'rescission' and 'cancellation.'"  <u>Id</u>. (citing <u>Barrera</u>, 71 Cal. 2d at 663–64).

The issue in <u>Barrera</u> was whether an insurer could rescind a policy, after a third-party was injured, for a misrepresentation in the application where, for 1-1/2 years, it negligently failed to discover the misrepresentation.  71 Cal. 2d at 662.  The court precluded the insurer from defending a suit for payment of the judgment based upon the insurer's own negligent failure to investigate the application.  <u>Id</u>. at 663.  Although the issue it faced in <u>Barrera</u> was the duty of an insurer to investigate an application within a reasonable time, the Supreme Court of California noted that insurance code sections 331, 338, and 359 "all involve false statements or material omissions in the <u>procurement</u> of the policy."  <u>Id</u>. at 664 n.3 (emphasis added).

---

[4]  It is noted that none of these cases involve an MCS-90 endorsement.

Further, independent research revealed no cases addressing a question of rescission other than those in which an allegedly material misrepresentation was made <u>in an application for a policy</u> upon which the insurer relied.  <u>See, e.g.</u>, <u>Carolina Cas. Ins. Co. v. RDD, Inc.</u>, 685 F. Supp. 2d 1052, (N.D. Cal. 2010) (finding that defendants' materially false answers <u>on an application for insurance</u> entitled plaintiff insurer to rescission under California law (emphasis added));  <u>Admiral Ins. Co. v. Debber</u>, 442 F. Supp. 2d 958, 966 (E.D. Cal. 2006) (stating that pursuant to the California Insurance Code, "a material misrepresentation or concealment <u>in an insurance application</u> . . . entitles the insurer to rescind the insurance policy ab initio (emphasis added)), <u>aff'd</u>, 295 Fed. Appx. 171 (9th Cir. 2008); <u>LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 156 Cal. App. 4th 1259, 1270 (Cal. Ct. App. 2007) (explaining that in a rescission case, misrepresentations <u>in the application</u> need not be intentional (emphasis added)).  Again, it is noted that these cases did not involve an MCS-90 endorsement.

In <u>Mirich v. Underwriters at Lloyd's London</u>, 64 Cal. App. 2d 522 (Cal. App. 1944), also cited by Global Hawk, the insurer sought rescission based on false statements in the insured's application. <u>Id</u>. at 524. The court found the insurer entitled to rescind the policy where the insured made a material misrepresentation <u>in his application</u> for the insurance policy upon which the insurer relied in issuing the policy. <u>Id</u>. at 527.

Contrary to the facts in the cases relied upon by the defendant, here R-Man's failure to designate Victoria as a driver was made <u>after</u> the policy (with MCS-90 endorsement) was issued. This was a violation of the policy's requirement to do so. However, it was <u>not</u> a misrepresentation made to <u>procure</u> the policy. In other words, rather than a <u>prior misrepresentation</u> on the application for insurance, R-Man's failure was a <u>subsequent violation</u> of the already-issued policy. Therefore, the cases cited by defendant regarding prior misrepresentations made to procure policies of insurance are inapposite.

## IV. <u>CONCLUSION</u>

Global Hawk issued an insurance policy to R-Man with an MCS-90 endorsement. Pursuant to the MCS-90 endorsement, the Groats are entitled to recover payment of the judgment they obtained against R-Man and Victoria. Global Hawk's attempt to rescind the policy (and with it the MCS-90 endorsement) fails because R-Man made no prior misrepresentation or concealment in order to obtain the insurance policy. Rather, R-Man subsequently violated the policy by failing to designate Victoria as a driver. Although a prior concealment may entitle an insurer to rescission of the policy under California law, a subsequent violation of an already-issued policy (such as what R-Man did) does not.

Accordingly, it is

ORDERED that

1.  Plaintiffs' motion for summary judgment is GRANTED;

2.  Defendant's cross motion for summary judgment is DENIED;

3.  The Clerk is directed to enter judgment in favor of plaintiffs Warren A. Groat and Victoria Groat and against defendant Global Hawk Insurance Company (RRG) in the amount of $611,325.60, with interest from November 29, 2011; and

4.  The above judgment may be satisfied by the defendant Global Hawk Insurance Company (RRG) submitting proof that it has satisfied the New York judgment in favor of the plaintiffs Warren A. Groat and Victoria Groat and against R-Man Logistics, Inc. and Carlos Victoria in the sum of $611, 325.60 entered on November 29, 2011.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  September 12, 2012
        Utica, New York.